# Fobes *versus* Backus.

1. An amicable submission to arbitration, provided that the arbitrators "shall make a statement of the matters and amounts between the parties, on the principle of partnership." *Held*, that a private memorandum, or statement, made and kept by one of the arbitrators, was not a compliance, and that the award could not be sustained.

ERROR to the Court of Common Pleas of *M'Kean county*.

This was an amicable submission, in writing, to arbitration. The submission provided that the arbitrators "shall make a statement of the matters and amounts between the parties on the principle of partnership." The arbitrators did not make the statement contemplated by the submission, but W. A. Williams, one of the arbitrators, made a statement as the arbitration proceeded. The closing entry was made on the day the award was made. He stated that he did not recollect whether other accounts were before them than those contained in the statement, that there might have been others, and that whatever the arbitrators deemed material, they put down. He kept the statement in his own possession, so that the parties to the award could have access to it. The court did not deem the statement such a statement as was required by the terms of the submission, and rejected it, and this is the error complained of.

*Wetmore*, for plaintiff in error.

It is a settled rule in the construction of awards, that it is to be favorable, and no intendment shall be indulged to overturn it, but every reasonable intendment shall be allowed to uphold it.

[Borland *v.* Guffey.]

Story on Contracts, sec. 985; *Noble* v. *Peebles*, 13 S. & R. 322; *Bingham's Trustees* v. *Guthrie*, 7 Harris, 423. A submission is to be construed liberally. *Graham* v. *Graham*, 9 Barr, 257; *M'Manus* v. *M'Culloch*, 6 Watts, 359; *Day's Executors* v. *Faw*, 7 Cranch, 171; *Burchell* v. *Marsh*, 17 How. 344: *Merrick's Estate*, 5 W. & S. 9.

*Johnson*, for defendant in error.
The memorandum kept by W. A. Williams cannot be claimed as a compliance with the requisitions of the submission, and therefore the award is vicious. Act of 30th March, 1821; Act of 30th March, 1810; Act of 21st March, 1806; *Wright* v. *Gray*, 10 S. & R. 227; *Montgomery* v. *Burge*, 13 S. & R. 112; *Clement* v. *Rorabach*, 3 H. 116; *Wheeler* v. *Watmough*, 15 S. & R. 158.

The opinion of the court was delivered January 10, 1857, by
LOWRIE, J.—We cannot avoid presuming that an award made out by intelligent men, chosen by the parties to decide their differences, must have a reasonable approximation to a just result, and therefore we incline to support this award; but it is impossible.

The parties have made a statement of their accounts an essential part of the award to be made, and it seems to us that it is a substantial and not a formal part of it, and we have no dispensing power in relation to it. There is no such statement accompanying the award, and nothing intended as a performance of this part of the submission. The one desired to be introduced on the trial, in satisfaction of the requirement, is in no way annexed to the award or made part of it, and we have no authority to annex it. As we understand it, the arbitrators did not intend it as part of the award. It seems to us to be merely the memoranda and calculations of the arbitrators, by which they were enabled to arrive at the result given in their award,—notes of the evidence, and of their progress,—and not the record of their conclusions; and we think it was rightly rejected.

Judgment affirmed.